**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**ERIC DE'JUAN JONES, #50222**                                                **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 4:09-cv-130-TSL-LRA**

**JEFFERSON DAVIS COUNTY, et al.**                                  **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed this complaint pursuant to § 1983 and requested in forma pauperis status on October 1, 2009. On December 15, 2009, an order [7] was entered denying the prisoner plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee, within thirty days. The plaintiff was warned that his failure to pay the filing fee in a timely manner may result in the dismissal of this case. Plaintiff failed to comply with this order [7].

On February 22, 2010, an order [8] was entered directing plaintiff to show cause, on or before March 15, 2010, why this case should not be dismissed for his failure to timely comply with the court's December 15, 2009, order [7]. In addition,

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

plaintiff was directed to comply with the December 15, 2009, order [7] by paying the full filing fee, on or before March 15, 2010. The show cause order warned plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint. Plaintiff failed to comply with the court's order [8].

Plaintiff has failed to comply with two court orders and has not contacted this court since November 3, 2009. This court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action <u>sua</u> <u>sponte</u>. <u>See</u> <u>generally</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>Larson v. Scott</u>, 157 F.3d 1030 (5th Cir.1998); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. <u>Link</u>, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. <u>Id</u>. at 629–30.

The court concludes that dismissal of this action for plaintiff's failure to prosecute and failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of

Civil Procedure is proper.  Since the defendants have not been called on to respond to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice.  See <u>Munday/Elkins Auto. Partners, LTD. v. Smith</u>, 201 F. App'x 265, 267 (5th Cir. 2006).

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED AND ADJUDGED, this the <u>6th</u> day of April, 2010.

<u>/s/Tom S. Lee</u>
UNITED STATES DISTRICT JUDGE